FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 02 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE HAVASUPAI TRIBE of the HAVASUPAI RESERVATION, a federally recognized Indian Tribe, on its own behalf; and in *parens patriae* DOES 1-200, otherwise unrepresented members of the Havasupai Tribe of the Havasupia whose blood was drawn as a result of Defendants' actions,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ARIZONA STATE UNIVERSITY, BOARD OF REGENTS, ET AL.,<br><br>　　　　Defendants. | No. 04-CV-1494-PCT-FJM<br><br>**ORDER** |

　　The court has before it defendants Arizona Board of Regents (ABOR) et al.'s motion to dismiss (doc. 103), defendants Martin and Benyshek's joinder (doc. 104), defendant Markow's joinder (doc. 105), plaintiffs' response (doc. 108), defendants' reply (doc. 121), defendants Martin and Benyshek's reply (doc. 124), and defendant Markow's reply (doc. 125). The court also has before it defendant Markow's motion to dismiss count two of the first amended

complaint (doc. 113), plaintiffs' response (doc. 118), and defendants' reply (doc. 126). The court also has before it defendants Stanford, Parham, and Haskett's Motion to Dismiss for Lack of Personal Jurisdiction (doc. 106), plaintiffs' response (doc. 119), and defendants' reply (doc. 130). Additionally, the court has before it plaintiffs Motion for Leave to Amend (doc. 112), defendants' Response (doc. 120), defendant Markow's Joinder (doc. 122), defendant Martin and Benyshek's Joinder (doc. 123), and plaintiffs' Reply (doc. 128). The court also has before it plaintiffs' Motion for Leave to File a Surreply (doc. 131) and plaintiffs' Motion for Leave to File Supplemental Authority (doc. 134).

### I. ABOR's Motion to Dismiss

Defendants move to dismiss plaintiffs' First Amended Complaint (FAC) on the grounds that none of the five alleged causes of action states a claim upon which relief may be granted. Defendants contend that plaintiffs improperly name 200 fictional "Doe" plaintiffs as parties, that the Havasupai Tribe cannot sue as *parens patriae* for tribal members who have not already brought suit, and that the Tribe fails to state claims for breach of fiduciary duty, lack of informed consent, and negligence.

First, we consider defendants' argument that all claims brought by "DOES 1-200" should be dismissed. Defendants argue that these are fictitious names for members of the Tribe who have not joined the related pending action, Tilousi v. ABOR et. al (case no: 04-CV-1290-PHX-FJM). Rule 10(a) of the Federal Rules

1  of Civil Procedure requires that "[i]n the complaint the title of
2  the action shall include the names of all the parties."
3  Plaintiffs do not respond to this argument. The United States
4  Court of Appeals for the Ninth Circuit has stated that "[i]n this
5  circuit, we allow parties to use pseudonyms in the 'unusual case'
6  when nondisclosure of the party's identity 'is necessary...to
7  protect a person from harassment, injury, ridicule or personal
8  embarrassment.'" Does I through XXIII v. Advanced Textile Corp.,
9  214 F.3d 1058, 1068 (9th Cir. 2000), quoting United States v.
10 Doe, 655 F.2d 920, 922n.1 (9th Cir. 1981). There may be "special
11 circumstances" in which pseudonyms are allowable, but generally,
12 they violate both Rule 10 and the public's common law right of
13 access to judicial proceedings. Does, 214 at 1067. Because
14 plaintiffs have not argued that these "Does" actually are
15 specific individuals or that they have special circumstances such
16 that they should be allowed to proceed unnamed, and no reason is
17 apparent to us from the complaint, we grant defendants' motion to
18 dismiss all claims on behalf of "Does 1-200."
19     Next, we consider defendants' motion to dismiss claims
20 brought by the Havasupai Tribe itself. As an initial matter,
21 there appears to be some dispute as to whether the Count II fraud
22 allegation has been asserted against ABOR. Defendants do not
23 move to dismiss Count II as it appears they did not think the
24 complaint asserted this cause of action against them. Plaintiffs
25 claim that the complaint does allege Count II against defendant
26 ABOR. However, a reading of the plain language of the complaint
27 reveals that in Count II of the complaint, plaintiffs list only
28

"Martin, Markow, and Benyshek." Nor does plaintiffs' argument that they allege these three individual defendants acted on ABOR's behalf hold any merit. Defendants have a right to be put on notice by the complaint whether or not a claim has been brought against them and Count II on its face does not state a claim against ABOR. Therefore, Count II does not allege a cause of action against defendant ABOR.

Plaintiffs move for leave to file supplemental authority in support of their response to defendants' motion to dismiss. However, such a document is not contemplated by our rules and is unnecessary as it would not alter the outcome here.

**A. *Parens Patriae***

The complaint names as plaintiffs the Havasupai Tribe on its own behalf and also in *parens patriae* of otherwise unrepresented members of the Havasupai Tribe whose blood was drawn as a result of defendants' actions. Defendants move to dismiss all claims alleged on the basis of *parens patriae*. The United States Court of Appeals for the Ninth Circuit had held that "governments may act in their *parens patriae* capacity as representatives for all their citizens in a suit to recover damages for injury to a sovereign interest." Alaska Sport Fishing Ass'n v. Exxon Corp., 34 F.3d 769, 773 (9th Cir. 1994). When a governmental entity, such as the Havasupai Tribe, is only a nominal party, with no real interest of its own, and no sovereign or quasi-sovereign interest, it does not have standing under the *parens patriae* doctrine. Plaintiffs' alleged interest in avoiding "social stigma" associated with inbreeding and schizophrenia is not an

interest that is sovereign in nature, nor is it one that has any legal merit. Nor can the Tribe pursue the interests of individual tribal members who are the parties with a real interest allegedly at stake. <u>Alfred L. Snapp & Son, Inc. v. Puerto Rico</u>, 458 U.S. 592, 602 (1982). Therefore, we grant defendants' motion to dismiss all allegations brought by the Tribe in *parens patriae*.

**B. Count I**

Defendants move to dismiss plaintiffs' claim of breach of fiduciary duty and lack of informed consent contained in Count I. Plaintiffs admit that their breach of informed consent claim is brought in their *parens patriae* capacity and so, for the above stated reasons, that claim is dismissed. Response at 15.

The Tribe also attempts to assert a claim under the Insurance Code concerning consent to genetic testing. The Tribe as an entity did not donate any genetic material and fails to state a claim under the Insurance Code for failure to obtain consent. Additionally, the Tribe's breach of fiduciary duty claim does not allege that defendants accepted the trust and confidence of plaintiffs. See e.g. <u>Greenberg v. Miami Children's Hospital</u>, 264 F.Supp.2d. 1064 (S.D. Fla. 2003). Therefore, defendants' motion to dismiss Count II is granted.

**C. Count III**

Negligent infliction of emotional distress requires a physical injury and intentional infliction of emotional distress requires severe emotional distress. <u>Monaco v. HealthPartners of S. Ariz.</u>, 196 Ariz. 299, 302, 995 P.2d 735, 738 (Ariz. App.

1999); Mosakowski v. PPS World Medical, Inc., 329 F.Supp.2d 1112 (D. Ariz. 2003). A Tribe as an entity is capable of neither. Defendants' motion to dismiss Count III is granted.

**D. Counts IV & V**

Counts IV and V are not brought on behalf of the Tribe itself, but in *parens patriae* and so defendants' motion to dismiss Count IV and Count V is granted. Response at 7.

**E. Count VI**

Defendants move to dismiss plaintiffs' negligence claims alleged in Count VI. Plaintiffs allege that the defendants owed the Tribe a duty to exercise reasonable and ordinary care in conducting human subject research. However, as defendants point out, in contrast to its members, the Tribe as an entity was not the object of human subject research and therefore no such duty to the Tribe legally existed. Therefore, defendants' motion to dismiss Count VI is granted.

**II. Markow's Motion to Dismiss**

Count II alleges Fraud against defendants Martin, Markow, and Benyshek. Defendants Markow, Martin, and Benyshek move to dismiss this count and claim that it fails to meet the heightened pleading standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) of the Federal Rules of Civil Procedure provides that all averments of fraud and the circumstances constituting fraud "shall be stated with particularity." The circumstances of the alleged fraud "must be specific enough to give defendants

notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong." Neubronner v. Milken, 6 F.3d 666,672 (9th Cir. 1993). "The who, what, where, when, and how" of the alleged fraud must be set forth. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

Count II of plaintiffs' complaint fails to comply with Rule 9 with respect to any of the defendants. No specific statements are alleged let alone attributed to specific defendants. Plaintiffs' argument that defendant Markow's motion to dismiss and defendant Martin and Benyshek's joinders are barred by Rule 12(g) and 12(h)(2) of the Federal Rules of Civil Procedure is in error. Defendants' prior motions were joinders in defendant ABOR's motion to dismiss and not a motion to dismiss under Rule 12(b)(6). Therefore, defendants' motion to dismiss is granted and Count II is dismissed.

**III. Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant Alice Haskett and individual members of the Stanford Board of Trustees move to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Plaintiff agrees that the claims against these defendants should be dismissed. Response to Stanford's motion to dismiss at 2. Therefore, plaintiffs' claims against defendants Haskett and individual members of the Stanford Board of Trustees are dismissed.

Defendants Stanford University and Peter Parham also move to dismiss for lack of personal jurisdiction. When a defendant moves to dismiss for lack of personal jurisdiction the plaintiff then has the burden of establishing jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). The Tribe has failed to establish either general or specific jurisdiction with respect to these defendants. Plaintiffs seek to file a surreply to defendants' motion to dismiss (doc. 131). We deny plaintiffs' motion to file a surreply because such a document is not contemplated by our rules and is, in any event, unnecessary.

**A. Defendant Stanford University**

Plaintiffs claim Stanford's activities in Arizona are "continuous and systematic" such that this Court has general jurisdiction because the school's athletic teams travel to Arizona, the school receives admissions applications from Arizona residents, and the school requests contributions from Arizona alumni. However, Stanford has no branches, property, offices, or employees in Arizona. Affidavit of Jeffrey H. Wachtel ¶ 3. The level of contact required in order to establish general jurisdiction is high. Plaintiffs' identification of tenuous connections to Arizona fails to establish it here. Schwarzenegger, 374 F.3d at 801. Therefore, Stanford's motion to dismiss for lack of personal jurisdiction is granted.

**B. Defendant Peter Parham**

Plaintiffs claim this court has specific jurisdiction over defendant Parham. The United States Court of Appeals for the

Ninth Circuit has stated a three-prong approach to determine the existence of specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

Pacific Trading Co., Inc. v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir. 1985).

Plaintiffs do not allege Parham was involved in the original collection of blood samples. Instead, plaintiffs allege that Arizona State University Professor Theresa Markow initiated telephone contact with Parham regarding Havasupai blood lines while he was at Stanford. Parham then received in the mail at his Stanford office the cell lines derived from the blood of six Havasupai Indians. Affidavit of Dr. Peter Parham ¶ 7-10. Plaintiffs fail to demonstrate that defendant Parham purposefully availed himself of the privilege of conducting business in Arizona as required for personal jurisdiction. Therefore, this court has no personal jurisdiction over defendant Parham and his motion to dismiss is granted.

### IV. Motion for Leave to Amend

Plaintiffs move to amend their first amended complaint (FAC) and file a second amended complaint (SAC). Defendants oppose plaintiffs' motion on the grounds that amendment would be futile.

"Futility alone can justify the denial of a motion for leave to amend." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

The Tribe seeks to bring claims in *parens patriae* in the SAC also. For the reasons discussed above with respect to the FAC, bringing these claims in the SAC would be futile. Plaintiffs' motion to amend with respect to Counts IV, V, and VII, brought by the Tribe solely in its *parens patriae* capacity, is therefore denied.

Next, we consider the claims the Tribe seeks to assert on its own behalf in the proposed SAC. With respect to Count I, plaintiffs now assert breach of confidential or fiduciary duty claims on the Tribe's own behalf, instead of as *parens patriae*. However, plaintiffs allege in Count I that all defendants violated 42 U.S.C. § 289 and 45 C.F.R. § 46.116. The regulation regarding institutional review boards does not create a private right of action. We must determine whether the statute "displays an intent to create not just a private right but also a private remedy." See Alexander v. Sandoval, 532 U.S. 275, 286 (2001). 42 U.S.C. § 289 instructs the Secretary of Health and Human services to engage in certain regulatory functions. The text and structure of the statute display no intent to establish a private right of action. Therefore, plaintiffs' Count I claims based on 42 U.S.C. § 289 and 45 C.F.R. § 46.116, may not be reasserted in their SAC.

Plaintiffs' allegations that defendants assumed a special duty or custodial relationship with the Tribe, that the Tribe placed its trust in defendants, and that defendants accepted that

trust, state a claim for breach of fiduciary duty. See <u>Standard Chartered PLC v. Price Waterhouse</u>, 190 Ariz. 6, 24, 945 P.2d 317, 355 (App. 1996). Therefore, Count I of the proposed SAC states a claim for breach of fiduciary duty upon which relief may be granted.

Proposed Count II in the SAC alleges fraud against ABOR on the grounds of *respondeat superior*. Defendants argue that the SAC fails to allege any false statements by ABOR. The allegation that named defendants were "acting within the course and scope of their duties at ABOR" is sufficient to put ABOR on notice that plaintiffs allege vicarious liability for the named defendants' allegedly fraudulent actions. Therefore, Count II of the SAC states a claim.

Count III, alleging intentional and negligent infliction of emotional distress, fails to state a claim upon which relief can be granted for the reasons stated in the above discussion of Count III of the FAC. Therefore, plaintiffs' motion to amend is denied with respect to Count III.

Proposed Count VI of the SAC alleges negligence claims against ABOR for alleged breach of a general duty of care owed the Tribe. For the reasons discussed above, we deny plaintiffs' motion to amend the Count VI claims brought on behalf of its members as *parens patriae*. We also affirm our above discussion with respect to plaintiffs' inability to state a claim based on a duty of care owed human research subjects under 42 U.S.C. § 289 and therefore deny plaintiffs' motion to amend Count VI with respect to that claim. Proposed Count VI also asserts that

defendants breached a general duty of care owed to plaintiffs. Plaintiffs claim that defendants caused the Tribe to officially endorse defendants' research, which caused the Tribe to suffer loss of credibility, loss of revenue, and damage to governmental relations with its Members. These assertions that defendants breached a general duty of care owed to the Tribe state a claim for negligence upon which relief may be granted. Therefore, plaintiffs' motion to amend is granted with respect to the general duty of care claims contained in Count VI.

Count VIII of the proposed SAC alleges intrusion upon seclusion by "conducting new or unauthorized research using the Members' Blood Samples and publishing scholarly papers on ancient human population migration theories, schizophrenia and inbreeding...." Proposed SAC ¶ 156. To state a claim for intentional intrusion upon seclusion, plaintiffs must allege (1) an intentional intrusion into a private place, conversation, or matter (2) in a manner highly offensive to a reasonable person. Medical Lab. Mgmt. Consultants v. American Broad. Companies, Inc., 306 F.3d 806, 812 (9th Cir. 2002). Plaintiffs base the claim on defendants' alleged entry onto Tribal lands for unauthorized purposes. However, we need not reach the merits of this argument, because plaintiffs fail to state this claim in their proposed SAC. With respect to the grounds plaintiffs do state in their SAC, the Tribe as an entity provided no blood samples and so plaintiffs have failed to state a claim that defendants intruded into a private matter of plaintiffs in a

highly offensive manner. Plaintiffs' motion to amend and add Count VIII is denied as futile.

Plaintiffs' proposed Count IX alleges that defendants were unjustly enriched at the Tribe's expense in that they allegedly received monies they would not have received if they had used Tribe members' blood samples and handprints solely for diabetes testing and prevention. However, the Tribe itself has no legal claim to its individual members' blood samples and has failed to state a claim that the Tribe itself was impoverished in any way. Plaintiffs' motion to amend by adding Count IX is denied as futile.

Plaintiffs' proposed Count X alleges Trespass and claims that defendants entered the Tribe's land and exceeded the scope of the Tribe's grant of permission for them to enter. Plaintiffs have stated a prima facie claim and plaintiffs' motion to amend with respect to Count X is granted.

Therefore, plaintiffs' Motion for Leave to Amend its first amended complaint is denied in part as it relates to all *parens patriae* claims, Counts I (in part), III, IV, V, VI (in part), VII, VIII, and IX. Plaintiffs' motion to amend is granted in part, as it relates to Counts I (in part), II, VI (in part), and X. However, defendants are free to file a motion to dismiss any of these counts from the SAC.

**V. Remand**

Because all federal claims have been dismissed and plaintiffs' motion to amend has been denied with respect to all

federal claims, only state law claims remain pending in this action. This court has discretion under 28 U.S.C. § 1441(c) to "remand all matters in which State law predominates." Because there are no federal claims here, and because we grant the motion to remand in the related case of Tilousi v. ABOR et al. (case no. 04-CV-1290-PHX-FJM) we *sua sponte* remand this action to the Superior Court of Arizona in Coconino County. See Harrell v. 20th Century Ins. Co., 934 F.2d 203 (9th Cir. 1991).

Accordingly,

**IT IS ORDERED** granting ABOR et al.'s Motion to Dismiss Plaintiffs' First Amended Complaint (docs. 103).

**IT IS ORDERED** granting Markow's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (doc. 113).

**It IS ORDERED** granting defendants Stanford, Parham, and Haskett's Rule 12(b)(2) Motion to Dismiss (doc. 106).

**IT IS ORDERED** denying plaintiffs' Motion to File a Surreply (doc. 131).

**IT IS ORDERED** denying plaintiffs' Motion for Leave to File Supplemental Authority (doc. 134).

**IT IS ORDERED** granting plaintiffs' Motion for Leave to Amend the First Amended Complaint with respect to Counts I (in part), II, VI (in part), and X only and **DENYING** plaintiffs' motion with respect to all claims allegedly brought by the Tribe in *parens patriae* and Counts I (in part), III, IV, V, VI (in part), VII, VIII, and IX (doc. 112).

**IT IS FURTHER ORDERED REMANDING** this action to the Superior Court of Arizona in Coconino County.

DATED this 29 day of April, 2005.

_____
Frederick J. Martone
United States District Judge

# UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
OFFICE OF THE CLERK

**RICHARD H. WEARE**
DISTRICT COURT EXECUTIVE / CLERK OF COURT
SANDRA DAY O'CONNOR U S COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

*Visit our website at www azd uscourts.gov*

**RONNIE HONEY**
CHIEF DEPUTY CLERK
SANDRA DAY O'CONNOR U S COURTHOUSE,
SUITE 130
401 WEST WASHINGTON STREET, SPC 1
PHOENIX, ARIZONA 85003-2118

**MICHAEL S. O'BRIEN**
CHIEF DEPUTY CLERK
EVO A DECONCINI U S COURTHOUSE
405 W CONGRESS, SUITE 1500
TUCSON, ARIZONA 85701-5010

May 2, 2005

Julia Carlson, Clerk
Coconino County Superior Court
200 N. San Francisco Street
Flagstaff, Arizona 86001

RE:     **REMAND TO COCOCINO COUNTY SUPERIOR COURT**

        District Court Case Number: **CV 04-1494 PCT-FJM**

        Superior Court Case Number: **CV 2004-0146**

Dear Ms. Carlson:

Enclosed is a certified copy of the Order entered in this Court on **May 2, 2005** remanding the above case to Maricopa County Superior Court for the State of Arizona.

Sincerely,

RICHARD H. WEARE, DCE/CLERK OF COURT

*Linda S. Patton*
Deputy Clerk

Enclosure

cc : All Counsel of Record

---

*The staff of the Clerk's Office ensures the effective, efficient and professional delivery of clerical and administrative services, while fostering a customer-friendly and employee-friendly environment.*